UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| BGSD, INC., *d/b/a LUXURY LANE*, : | |
| Plaintiff, : | |
| : | |
| v. : | No.   5:23-cv-4855 |
| : | |
| SPAZE UP, LLC, : | |
| Defendant. : | |

_____

**O P I N I O N**
**Plaintiff's Motion for Default Judgment, ECF No. 10 – Denied**

**Joseph F. Leeson, Jr.**                                                                                                    February 20, 2024
**United States District Judge**

**I.    INTRODUCTION**

       Presently before the Court is BGSD, Inc.'s Motion for Default Judgment.  *See* ECF No. 10.  The underlying matter arises out of SPAZEUP LLC's purported use of BGSD's copyrighted images to market and sell its apparel over the internet.  However, for the reasons set forth below, the Motion is denied and the matter is dismissed for lack of personal jurisdiction over SPAZEUP.

**II.    BACKGROUND**

       The factual allegations, taken from the Complaint, *see* Compl., ECF No. 1, are as follows:

       BGSD, Inc. sells coats, jackets, vests, jewelry, and home decorations via its website and through Amazon's online storefront.  *Id.* ¶ 17.  To market those goods, BGSD creates original and copyrighted photographs of models wearing its clothing.  *Id.* ¶¶ 18, 19.  In August of 2023, BGSD became aware of another company, SPAZEUP, using these copyrighted photos to sell its

products.  *Id*. ¶ 22.  SPAZEUP also sells apparel through its website and through the Amazon storefront.  *Id.* ¶ 20.

Shortly after becoming aware of these uses, BGSD filed a number of infringement takedown notices through Amazon's platform.  *Id.* ¶ 27.  Within two days, SPAZEUP responded to BGSD, apologizing and offering to take down the infringing uses.  *Id.* ¶ 28.  Afterwards, SPAZEUP changed the photographs subject to the complaints.  *Id.* ¶ 30.  Then, on September 7, 2023, SPAZEUP filed counter notices on several of the complaints.  *Id.* ¶ 31.

On September 20, BGSD became aware of more infringing uses of its photos and again complained of the practice through Amazon.  *Id.* ¶¶ 32, 35.  Again, SPAZEUP filed counter notices.  *Id.* ¶ 36.  These photographs continued to be used as recently as November 22, 2023.  *Id.* ¶ 42.  At no time did SPAZEUP have BGSD's permission or authorization to use these photos.  *Id.* ¶ 26, 34.

BGSD filed a Complaint on December 8, 2023, asserting copyright infringement, false designation of origin, and violations of Pennsylvania, Wyoming, New York, and California's unfair competition laws.  *See* Compl.  The Complaint and Summons were served on December 22, 2023.  *See* ECF No. 7.  SPAZEUP has failed to answer or otherwise appear before the Court.  On January 9, 2024, the Clerk entered Default against SPAZEUP for failure to plead or otherwise defend.  *See* ECF No. 9.  On February 6, 2024, BGSD filed the instant Motion for Default Judgment against SPAZEUP.  *See* ECF No. 10.  For the reasons that follow, that motion is denied.

### III.  LEGAL STANDARDS

#### A.  Default Judgment – Review of Applicable Law

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a properly served defendant when a default has been entered by the Clerk of Court. *See* Fed. R. Civ. P. 55(b)(2); *see also Anchorage Assocs. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). To obtain a default judgment, the plaintiff must "file with the court an affidavit ... stating whether or not the defendant is in military service and showing necessary facts to support the affidavit...." *See* 50 U.S.C. § 3931(b)(1). This affidavit, required by the Servicemembers Civil Relief Act, "is a mandatory precondition to any default judgment, even if the requirements of Rule 55 for default judgment are otherwise met." *See Coss v. Clemente*, No. 3:10-1479, 2011 WL 2632670 at *1, 2011 U.S. Dist. LEXIS 71891 at *3-4 (M.D. Pa. June 9, 2011) (internal quotations omitted).

Additionally, a plaintiff seeking default judgment must submit "an affidavit or affirmation from the moving party or its attorney, indicating that the defendant is a competent adult...." *See FirstBank Puerto Rico v. Jaymo Props., LLC*, 379 F. App'x 166, 170 (3d Cir. 2010) (collecting cases). "Assuming that the other requirements for entry of default judgment contained in Rule 55 have been met," an affidavit of this sort is "routinely treated as sufficient evidence for the court to enter default judgment against [a] defendant." *See id.* "Three factors control whether a default judgment should be granted":

"(1) prejudice to the plaintiff if default is denied,"

"(2) whether the defendant appears to have a litigable defense,"

"(3) whether defendant's delay is due to culpable conduct."

*Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). In considering these factors, the "court should accept as true the well-pleaded factual allegations of the complaint, but the court

need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017).

        **B.**       **Personal Jurisdiction and Default Judgment – Review of Applicable Law**

"While unlike subject matter jurisdiction, a court generally may not raise personal jurisdiction *sua sponte*, when a default judgment is requested, a court is required to make a threshold determination regarding any jurisdictional defects." *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015). "If a court lacks personal jurisdiction over a defendant, the court does not have jurisdiction to render a default judgment, and any such judgment will [be] deemed void." *Id*. (citing *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008)).

The plaintiff must "prove by affidavits or other competent evidence that jurisdiction is proper." *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287 (3d Cir. 1996) (alterations omitted)); *see also D'Onofrio v. Il Mattino,* 430 F. Supp. 2d 431, 438 (E.D. Pa. 2006). Where the district court holds an evidentiary hearing to determine the existence of personal jurisdiction, the plaintiff must establish such by a preponderance of the evidence. *Allaham*, 635 F. App'x at 36. If an evidentiary hearing is not held, a plaintiff "need only establish a *prima facie* case of personal jurisdiction." *Id*. A plaintiff meets this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Provident Nat. Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d. Cir 1987).

        **C.**       **General & Specific Personal Jurisdiction – Review of Applicable Law**

Federal Rule of Civil Procedure 4(k) provides that personal jurisdiction in a United States District Court is established in accordance with the law of the state in which the District Court sits. *See* Fed. R. Civ. P. 4(k)(1)(A) ("Serving a summons or filing a waiver of service establishes

personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located...."); *see also O'Connor*, 496 F.3d at 316. This Court therefore looks to the law of Pennsylvania, and Pennsylvania's long-arm statute in particular, to determine the existence of personal jurisdiction over defendants.

Pennsylvania's long-arm statute provides that "the jurisdiction of the tribunals of this Commonwealth shall extend ... to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. C.S.A. § 5322(b); *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992) ("The Pennsylvania [long-arm] statute permits the courts of that state to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the fourteenth amendment."). "Accordingly, in determining whether personal jurisdiction exists," this Court must ask "whether, under the Due Process Clause [of the Fourteenth Amendment], the defendant has 'certain minimum contacts with ... [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *O'Connor*, 496 F.3d at 316-17 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). "These basic due process principles are reflected in the two recognized types of personal jurisdiction"—general jurisdiction and specific jurisdiction. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007).

"General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state. *Helicopteros Nationals' de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 n.9 (1984)). Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state. *See id.* at 414-15 & n.8." *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (3d Cir. 2008). The specific jurisdiction inquiry has three parts: (1) the

defendant must have "purposefully directed his activities at residents of the forum;" (2) the litigation must "arise out of or relate to those activities;" and (3) the assertion of personal jurisdiction must "comport with fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotations omitted).

## IV. ANALYSIS

BGSD puts forward a theory of specific jurisdiction premised on the following three matters: 1) SPAZEUP's interactive commercial website; 2) SPAZEUP's use of the Amazon storefront; and 3) SPAZEUP having visited a Pennsylvania company's website to copy their photographs. The Court is unconvinced and holds that BGSD has failed to present a *prima facie* showing of specific jurisdiction.

*Toys "R" Us v. Step Two* supplies the framework for determining specific jurisdiction based upon a commercially interactive website. There, the Third Circuit explained that:

> [T]he mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world. Rather, there must be evidence that the defendant "purposefully availed" itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts.

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). The *Toys "R" Us* Court embraced a sliding scale analysis in which the propriety of exercising jurisdiction depends on the extent of commercial activity the website seeks and generates. The framework provides:

> When analyzing Internet commerce cases, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." This sliding scale ranges from situations where a defendant uses an interactive commercial website to actively transact business with residents of the forum state (personal jurisdiction exists) to situations where a passive website merely provides information that is accessible to users in the forum state (personal jurisdiction does not exist). To determine whether personal jurisdiction exists for situations between these extremes, we examine "the level of interactivity and commercial nature of the exchange of information that occurs on the Web site."

*Ackourey v. Sonellas Custom Tailors*, 573 F. App'x 208, 211–12 (3d Cir. 2014) (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc*., 952 F. Supp. 1119 (W.D. Pa. 1997)).

Here, SPAZEUP maintains a website which "allows consumers, including Pennsylvania residents, to purchase and place order for its products." Compl. ¶ 5. Applying the scale, this averment places SPAZEUP far short of the sort of *active* business transactions that confer personal jurisdiction. Indeed, BGSD has not alleged any facts tending to suggest that SPAZEUP targeted its business at Pennsylvania or sold its products here. More simply, BGSD "must show more than mere interactivity." *Kloth v. S. Christian Univ*., 320 F. App'x 113, 116 (3d Cir. 2008); *see also CoachSource, LLC v. Coachforce*, No. CV175126ESSCM, 2019 WL 1385200 at *4 (D.N.J. Mar. 27, 2019) (finding no specific jurisdiction where the evidence merely amounted to a website "available to potential customers nationwide."); *Mon Aimee Chocolat, Inc. v. Tushiya, LLC*, No. CIV.A. 14-1568, 2015 WL 2232270 at * 5 (W.D. Pa. May 12, 2015) (finding no specific jurisdiction where, despite maintaining a commercially interactive website, the plaintiff produced no evidence of any "Pennsylvania claim-related sales or shipments.").

Nor does SPAZEUP's use of Amazon confer jurisdiction in this instance. BGSD essentially argues that in using Amazon to sell its products, SPAZEUP has co-opted Amazon's market and broadened its reach to Pennsylvania, thereby purposefully availing itself of the forum state. While courts in this Circuit have not coalesced around a consensus view as to whether using a third-party distributor imputes the distributor's broader scope of specific jurisdiction, the Court concurs with its sister courts finding it does not *absent any evidence of actual sales* to the forum state. *See Flipside Wallets LLC v. Brafman Grp. Inc.,* No. CV 19-5356, 2020 WL 1330742 (E.D. Pa. Mar. 19, 2020) (reasoning that "[w]hile businesses like [the plaintiff's] surely benefit from the nationwide market reach of Amazon, [its] use of a third-party website to

facilitate sales does not satisfy the 'purposeful availment' standard as required by *Toys 'R' Us.*"); *see also Guidecraft, Inc. v. OJCommerce, LLC*, No. 2:18-CV-01247, 2019 WL 2373440 (W.D. Pa. May 20, 2019), *report and recommendation adopted*, No. 2:18-CV-01247-LPL, 2019 WL 2371645 (W.D. Pa. June 5, 2019) (finding no specific jurisdiction over the defendant premised solely upon the use of an interactive commercial website and Amazon to sell its products.).

Finally, the Court finds that visiting BGSD's website and taking its photographs does not confer personal jurisdiction. The essential underlying claim is the unlawful *use* of these photographs in the marketing and selling of SPAZEUP's products. There is nothing here to suggest that conduct occurred in Pennsylvania.

**V.    CONCLUSION**

For the above noted reasons, the Court finds that it lacks personal jurisdiction over SPAZEUP and will deny BGSD's Motion. However, it will do so without prejudice and permit BGSD to refile with sufficient facts curing the noted deficiency.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
