UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| BGSD, INC., *d/b/a* LUXURY LANE,<br>    Plaintiff,<br><br>        v.<br><br>SPAZE UP, LLC,<br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No.   5:23-cv-4855 |

_____

**O P I N I O N**
**Plaintiff's Second Motion for Default Judgment, ECF No. 13 – Granted in part, Denied in part**

**Joseph F. Leeson, Jr.**                                                                                                                                    **April 15, 2024**
**United States District Judge**

### I.   INTRODUCTION

Presently before the Court is BGSD, Inc.'s Second Motion for Default Judgment. The underlying matter arises out of SpazeUp's unlicensed use of BGSD's copyrighted images to market and sell its products online. For the reasons that follow, BGSD's motion is this time granted in part and denied in part.

### II.   BACKGROUND

#### A.   Procedural Background

BGSD filed a Complaint on December 8, 2023, asserting copyright infringement, false designation of origin, and violations of Pennsylvania, Wyoming, New York, and California's unfair competition laws. *See* Compl., ECF No. 1. The Complaint and Summons were served on December 22, 2023. *See* ECF No. 7. SpazeUp has failed to answer or otherwise appear before the Court. On January 9, 2024, the Clerk entered Default against SpazeUp for failure to plead or otherwise defend. *See* ECF No. 9. On February 6, 2024, BGSD filed its initial Motion for Default Judgment against SpazeUp. *See* ECF No. 10. The same was denied by this Court in an

Opinion & Order entered February 20, 2024, for lack of personal jurisdiction over SpazeUp. *See* ECF Nos. 11, 12. However, the Court granted BGSD leave to file a second motion for default judgment with an accompanying brief and additional facts to support a finding of personal jurisdiction. *See* ECF No 12. BGSD did just that on March 11, 2024.[1] *See* ECF No. 13.

### B. Factual Background

The factual allegations, taken from the Complaint, *see* Compl., ECF No. 1, and supplemented by the Second Motion for Default Judgment, *see* ECF Nos. 13-14, are as follows:

BGSD, Inc. sells coats, jackets, vests, jewelry, and home decorations via its website and through Amazon's online storefront. Compl. ¶ 17. To market those goods, BGSD creates original and copyrighted photographs of models wearing its clothing. *Id.* ¶¶ 18, 19. In August of 2023, BGSD became aware of another company, SpazeUp, using these copyrighted photos to sell its products. *Id.* ¶ 22. SpazeUp also sells apparel through its website and through the Amazon storefront. *Id.* ¶ 20.

Shortly after becoming aware of these uses, BGSD filed a number of infringement takedown notices through Amazon's platform. *Id.* ¶ 27. Within two days, SpazeUp responded to BGSD, apologizing and offering to take down the infringing uses. *Id.* ¶ 28. Afterwards, SpazeUp changed the photographs subject to the complaints. *Id.* ¶ 30. Then, on September 7, 2023, SpazeUp filed counter notices on several of the complaints. *Id.* ¶ 31.

On September 20, BGSD became aware of more infringing uses of its photos and again complained of the practice through Amazon. *Id.* ¶¶ 32, 35. Again, SpazeUp filed counter notices. *Id.* ¶ 36. These photographs continued to be used as recent as November 22, 2023. *Id.*

---

[1] On March 13, 2024, BGSD supplemented its Motion by filing "Exhibit G," which "contains HTML and other web browser instructions that do not permit for its submission via ECF." *See* ECF No. 14, Ex. 6.

¶ 42.  At no time did SpazeUp have BGSD's permission or authorization to use these photos.  *Id.* ¶¶ 26, 34.

After this Court's prior Opinion & Order, on February 29, 2024, Plaintiff's counsel placed an order through SpazeUp's Amazon storefront for one "SpazeUp Rick Grimes Jacket - Trucker Jacket Men -Walking Brown Winter Jacket."  ECF No. 13, Mot., Ex. 10 at ¶ 2.  The same was delivered to Narbeth, Pennsylvania on March 1, 2024.  *Id.* ¶ 6.  On March 6, 2024, Plaintiff's counsel placed an order for one "USAF 21st Century A-2 Flight Black Bomber Leather Jacket" through Defendant's website www.usaleatherjackets.com for delivery to Narbeth, PA.[2]  *Id.* Ex. 14.  To supplement proof of contacts, BGSD has provided an order and transaction confirmation.  *Id.* Ex. 15, 16.

## III.     LEGAL STANDARDS

### A.     Default Judgment – Standard of Review

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a properly served defendant when a default has been entered by the Clerk of Court.  *See* Fed. R. Civ. P. 55(b)(2); *see also Anchorage Assocs. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).  "It is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). The Court considers three factors in determining whether to enter default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). In considering these

---

[2]  BGSD has also averred that SpazeUp markets and sells jackets through its related website: www.usaleatherjackets.com.  BGSD has established this through cross references in each website.  *See* ECF No. 13, Exs. D-F.

factors, the "court should accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions[.]" *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017). Because "a party in default does not admit mere conclusions of law[,]" the district court must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action,'" before granting default judgment. *Broad. Music, Inc. v. Spring Mt. Area Bavarian Resort, LTD*, 555 F. Supp. 2d 537, 541 (E.D. Pa. May 21, 2008) (citation omitted).

  **B.**  **General & Specific Personal Jurisdiction – Review of Applicable Law**

  Federal Rule of Civil Procedure 4(k) provides that personal jurisdiction in a United States District Court is established in accordance with the law of the state in which the District Court sits. *See* Fed. R. Civ. P. 4(k)(1)(A) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located...."); *see also O'Connor v. Sandy Lane Hotel Co.,* 496 F.3d 312, 316 (3d Cir. 2007). This Court therefore looks to the law of Pennsylvania, and Pennsylvania's long-arm statute in particular, to determine the existence of personal jurisdiction over defendants.

  Pennsylvania's long-arm statute provides that "the jurisdiction of the tribunals of this Commonwealth shall extend . . . to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. C.S.A. § 5322(b); *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992) ("The Pennsylvania [long-arm] statute permits the courts of that state to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the fourteenth amendment."). "Accordingly, in determining whether personal jurisdiction exists," this Court must ask "whether, under the

Due Process Clause [of the Fourteenth Amendment], the defendant has 'certain minimum contacts with ... [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *O'Connor*, 496 F.3d at 316-17 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). "These basic due process principles are reflected in the two recognized types of personal jurisdiction"—general jurisdiction and specific jurisdiction. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007).

"General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state. *Helicopteros Nationals' de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 n.9 (1984)). Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state. *See id.* at 414-15 & n.8." *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (3d Cir. 2008). The specific jurisdiction inquiry has three parts: (1) the defendant must have "purposefully directed his activities at residents of the forum;" (2) the litigation must "arise out of or relate to those activities;" and (3) the assertion of personal jurisdiction must "comport with fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotations omitted).

If an evidentiary hearing is not held, a plaintiff "need only establish a prima facie case of personal jurisdiction." *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). A plaintiff meets this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Provident Nat. Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434 (3d. Cir 1987).

## IV. ANALYSIS

### A. Personal Jurisdiction

BGSD has put forward a prima facie case of this Court's personal jurisdiction over SpazeUp. In its prior opinion, this Court held that the mere interactivity of SpazeUp's website and the use of Amazon's storefront was insufficient to establish specific jurisdiction "*absent any evidence of actual sales* to the forum state." *BGSD, Inc. v. SPAZEUP, LLC*, No. 5:23-CV-4855, 2024 WL 688665, at *4 (E.D. Pa. Feb. 20, 2024) (emphasis in original). Nevertheless, the Court permitted BGSD to refile its motion with sufficient facts that would establish jurisdiction. It has done so by providing evidence of actual sales to Pennsylvania. More specifically, BGSD has provided a declaration through its counsel that an order was placed for a "SpazeUp Rick Grimes Jacket - Trucker Jacket Men -Walking Brown Winter Jacket." Amazon confirmed the payment and the jacket was shipped from SpazeUp and delivered to a Pennsylvania address.

BGSD has also provided evidence of a more direct ecommerce transaction with SpazeUp's affiliate website. BGSD has supplied evidence that SpazeUp operates several ecommerce websites including www.SpazeUp.com and www.usaleatherjackets.com. *See* ECF No. 13, Ex. F. (showing that www.SpazeUp.com cross references www.usaleatherjackets.com on its website and noting that the latter offers SpazeUp refund options.) More of the same, Plaintiff's Counsel purchased a "USAF 21st Century A-2 Flight Black Bomber Leather Jacket" from www.usaleatherjackets.com. The SpazeUp site confirmed the order, charged the credit card, and notified the purchaser that it was preparing the order for dispatch to Pennsylvania. Accordingly, the Court finds that BGSD has made a prima facie showing that SpazeUp has purposefully directed its activities at Pennsylvania and that this litigation arises out of those contacts where the jackets sold used BGSD's copyrighted images. *See Telebrands Corp. v.*

*Mopnado*, No. CV21407969JLLJAD, 2016 WL 368166 (D.N.J. Jan. 12, 2016), *report and recommendation adopted*, No. CV147969JLLJAD, 2016 WL 355072 (D.N.J. Jan. 28, 2016) (finding that the defendant's internet sales to forum state consumers were sufficient to constitute purposeful availment.)

The Court also holds that asserting personal jurisdiction over SpazeUp comports with notions of fair play and substantial justice. At the outset, the Court notes that defendant carries the fairness inquiry burden. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Here that inquiry is frustrated by SpazeUp's failure to appear. Nevertheless, the Court finds that subjecting SpazeUp to personal jurisdiction in Pennsylvania is appropriate. BGSD provided SpazeUp with several takedown notices. Thus, SpazeUp was aware it was infringing on this Pennsylvania firm's copyright but continued to use the images. Further, upon receiving a purchase from the forum state, SpazeUp fulfilled the order twice. *See General Nutrition Inv. Co. v. Laurel Season, Inc.*, 2020 U.S. Dist. LEXIS 154857 at *8 (W.D. Pa. Aug. 26, 2020) (finding the exercise of personal jurisdiction over the defendant comported with fair play and substantial justice where the defendant "took no measures to restrict sales in Pennsylvania after receiving [the plaintiff's] cease and desist letter and is continuing to engage in efforts to evade enforcement.").

Satisfied that BGSD has put forward a prima facie case of personal jurisdiction over SpazeUp, the Court turns to the underlying claims.

    **B.**    **Substantive Claims**

        1.    Copyright Infringement

In Counts I-III, BGSD asserts copyright infringement in violation of sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106, 501. "To establish [copyright] infringement, two

elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991). "Copying refers to the act of infringing any of the exclusive rights that accrue to the owner of a valid copyright, as set forth at 17 U.S.C. § 106, 'including the rights to distribute and reproduce copyrighted material.'" *Kay Berry, Inc. v. Taylor Gifts, Inc*., 421 F.3d 199, 207 (3d Cir. 2005) (quoting *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 291 (3d Cir.1991)). An entity willfully violates a copyright where it "knows or should have known that [its] actions constitute copyright infringement." *Graphic Styles/styles Int'l LLC v. Kumar*, Civ. A. No. 14-4283, 2016 U.S. Dist. LEXIS 8056, 2016 WL 299083, at *5 (E.D. Pa. Jan. 25, 2016).

The Court concludes that SpazeUp infringed on BGSD's copyrights. BGSD holds copyrights in several professional photographs displaying its products on models. In August of 2023, BGSD became aware of SpazeUp's use of photoshopped versions of the copyrighted photographs to sell like jackets through a standalone website and through Amazon. SpazeUp has done so without permission or a license. The Court also concludes that the violation was willful. Upon becoming aware of the infringing uses, BGSD sent a series of takedown notices to SpazeUp which initially apologized and offered to remove the photographs. Ultimately, SpazeUp continue to use BGSD's photographs and even sold Plaintiff's Counsel jackets based on these infringing uses.

These allegations constitute a legitimate cause of action for willful copyright infringement.

2. False Advertising

In Count IV of its Complaint, BGSD asserts false advertising under 15 U.S.C. § 1125(a). Under BGSD's theory of recovery, it must show:

> (1) that the defendant has made false or misleading statements as to his own product [or another's]; (2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) that the deception is material in that it is likely to influence purchasing decisions; (4) that the advertised goods traveled in interstate commerce; and (5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc.

*Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 590 (3d Cir. 2002) (quoting *Johnson & Johnson-Merck Consumer Pharms. Co. v. Rhone-Poulenc Rorer Pharms., Inc*., 19 F.3d 125, 129 (3d Cir. 1994)).

BGSD has satisfied this showing. As outlined above, SpazeUp has used lightly edited versions of BGSD's copyrighted work to sell products, thereby misleading prospective buyers as to the nature of its products. Specifically, the audience is misled where SpazeUp represents that it is selling BGSD's products while it is actually selling its own versions of the jackets. This has the natural effect of diverting sales from BGSD to SpazeUp. Finally, as the order placed by Plaintiff's Counsel demonstrated, the goods have traveled in interstate commerce. These facts are sufficient to state a claim for false advertising under the Lanham Act.

        3.       Unfair Trade Practice[3]

The facts as averred do not constitute a legitimate cause of action for unfair trade practices under the UTPCPL. The UTPCPL "is a remedial statute intended to protect consumers from unfair or deceptive practices or acts[.]" *Baldston v. Medtronic Sofamor Danek, Inc*., 152 F. Supp. 2d 772, 776 (E.D. Pa. 2001) (citing *Commonwealth by Creamer v. Monumental Props., Inc*., 329 A.2d 812, 816 (Pa. 1974)). Therefore, to bring a private action under the UTPCPL, the plaintiff must be a "person" who made a purchase for "primarily . . . personal, family, or household purposes." *Id*. (cleaned up) (holding that the plaintiff, a doctor running a medical

---

[3] Counts V through VIII bring claims for unfair competition under Pennsylvania, New York, California, and Wyoming law. While ordinarily, a protracted choice-of-law analysis would resolve which law applies, the Court finds that even if it were to find an actual conflict exists, the contacts of each forum and its relation to the policies and interests at play would plainly lead to Pennsylvania law.
     To be certain, this analysis is hampered by the procedural posture of the case. Without the benefit of discovery or adversary pleadings, the Court is constrained to conduct its choice of law analysis on the complaint and the documents supporting the motion for default judgment. However, key to this analysis is the contacts or relation of each state to the incident. *Shuder v. McDonald's Corp*., 859 F.2d 266 (3d Cir. 1988). And based upon these pleadings, it is unclear what connection, if any, New York or California has to the controversy. While BGSD avers that SpazeUp maintains mailing addresses in New York and California, it alleges no further facts implicating those jurisdictions. *See* Compl. ¶¶ 11-13.
     For their part, Pennsylvania and Wyoming have more apparent contacts as SpazeUp is incorporated in Wyoming and has infringed Pennsylvania-based BGSD's copyrights. But turning to the Restatement's factors, the Court finds Pennsylvania most appropriate largely because it is without information as to where the place causing the injury occurred. Those facts inform the Court's factor analysis. *See Atkinson v. Luitpold Pharm., Inc*., 414 F.Supp.3d 742, 745 (E.D. Pa. 2019) ("In evaluating the most significant relationship, Pennsylvania courts look to the factors in the Restatement (Second) of Conflicts: the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile, residence, nationality, place of incorporation and place of business of the parties; and the place where the relationship, if any, between the parties is centered.") *see also* Restatement (Second) of Conflict of Laws § 145(2). But given what little information the Court has been provided, it is unable to tell where SpazeUp infringed upon the copyrighted material or even where the jackets were shipped from. In the absence of these details, the Court turns to the only contacts its sure of in the Pennsylvania incorporation of BGSD and the injury to that Pennsylvania company. The Court thus applies Pennsylvania law.

practice, could not state a claim under the UTPCPL because the surgical screws purchased from the defendants were for his business, and not personal use) (citing *Valley Forge Towers S. Condo. Ass'n v. Ron-Ike Foam Insulators, Inc.*, 574 A.2d 641, 645 (Pa. Super. 1990)); 73 Pa. Stat. Ann. § 201-9.2(a).

Here, BGSD has brought suit to enjoin SpazeUp's infringing conduct and to recover damages arising from the same. However, BGSD has not alleged any facts which would suggest it had consumer or commercial dealings with SpazeUp or that it was misled into purchasing one if its products. Indeed, the only purchase which was made was done with the knowledge the jacket would not be one manufactured by BGSD. Thus, the Court dismisses the claim because BGSD does not have standing to recover under the UTPCPL. *See Mohanan v. Liberty Mut. Pers. Ins. Co.*, No. 22-2956, 2023 U.S. Dist. LEXIS 207191, at *7 (E.D. Pa. Nov. 20, 2023) ("The Court can raise challenges to standing *sua sponte*.").

### C. *Chamberlain* Factors

Consideration of the *Chamberlain* factors supports entry of default judgment against SpazeUp on Counts I-IV. First, denying the Motion would prejudice BGSD by indefinitely delaying its ability to pursue this litigation. *See Spring Valley Produce, Inc. v. Stea Bros.*, No. 15-193, 2015 WL 2365573, at *1 (E.D. Pa. May 18, 2015). *See also Grove v. Rizzi*, No. 04–2053, 2013 WL 943283, at *2 (E.D. Pa. March 12, 2013) (explaining that a plaintiff suffers prejudice when denial of default judgment would "impair the plaintiff's ability to effectively pursue his or her claim").

Second, SpazeUp has no apparent litigable defense. The Court notes "[i]t is not the court's responsibility to research the law and construct the parties' arguments for them[.]" *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271-72 (E.D. Pa. 2014) (quoting *Econ.*

*Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721 (7th Cir. 2008)). Nevertheless, having considered the facts presented and any applicable defenses, the Court finds none.

Finally, SpazeUp's delay is due to culpable conduct. As noted, SpazeUp received several takedown notices yet persisted in its unlawful conduct. It has also failed to respond or otherwise defend this suit. Thus, SpazeUp's "failure or refusal to engage in the litigation process and to offer no reason for this failure or refusal may qualify as culpable conduct with respect to the entry of a default judgment[.]" *Joe Hand*, 3 F. Supp. 3d at 272 (cleaned up) (citing *E. Elec. Corp. of N.J. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 554 (E.D. Pa. 2009)); *see also Amerisourcebergen Drug Corp. v. Greenwall Pharm. Disc., Inc.*, No. 14-5812, 2016 U.S. Dist. LEXIS 172958, at *10 (E.D. Pa. Dec. 13, 2016) (holding that "[t]here is nothing in the record to indicate that [the defendants'] failure to act in this case is due to anything other than deliberate inaction, which should constitute culpable conduct and weigh in favor of a default judgment").

**D.     Relief**

Plaintiff seeks the following relief: 1) injunctive relief; 2) statutory damages pursuant to 17 U.S.C. § 504(c); 3) SpazeUp's profits pursuant to 15 U.S.C. § 1117(a); and 4) attorney's fees and costs. The Court addresses each in turn.

1.     Injunctive Relief

17 U.S.C § 502(a) permits this Court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." On that basis, BGSD requests that SpazeUp be enjoined from:

> [1.] Infringing, in any manner, United States Copyright Registration No. VA 2-079-023; [2.] Using any product photograph appearing on BGSD's Website in connection with Defendant's product listings on SPAZEUP's Website or SPAZEUP's Amazon Product Listings without BGSD's prior authorization; [3.]

> Unfairly competing with Plaintiff in any manner whatsoever or otherwise injuring its business reputation in the manner complained of herein; [4.] Engaging in any other conduct that causes or is likely to cause confusion, mistake or misunderstanding as to the affiliation, connection, association, origin, sponsorship or approval of Defendant's goods with Plaintiff or Plaintiff's goods and business; and [5.] Engaging in assignments or transfers, formation of new entities or associations, or utilization of any other device for the purpose of circumventing or otherwise avoiding the prohibitions

ECF No. 13, Mot. at 32-33.  BGSD also requests that SpazeUp "deliver up to Plaintiff for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, electronic or computer files in the possession, custody, or control of Defendant, bearing any photograph created by Plaintiff."  *Id*. at 35.

In determining whether to grant a permanent injunction, the Court considers whether: (1) the moving party has shown actual success on the merits; (2) the denial of injunctive relief will result in irreparable harm to the moving party; (3) the granting the permanent injunction will result in even greater harm to the defendant; and (4) the injunction serves the public interest. *See Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001).

The substantive analysis of BGSD's claims as outlined above satisfies the first element.  To the second factor, while BGSD may no longer rest on a bare presumption of irreparable harm in the context of copyright infringement, *see TD Bank N.A. v. Hill*, 928 F.3d 259, 280-81 (3d Cir. 2019), the continuing nature of the infringement, particularly in the face of takedown notices, suggests that denying injunctive relief will irreparably harm BGSD.  *See Strike 3 Holdings, LLC v. Doe*, No. CV 21-15681 (WJM), 2022 WL 16744122 (D.N.J. Nov. 7, 2022) (granting a preliminary injunction in the context of a default judgment based, in part, on the prejudice the plaintiff incurs by defendant's refusal to defend the claims and the continuing nature of the infringements.); *see also Strike 3 Holdings, LLC v. Vokoun*, No. 120CV14321NLHAMD, 2022 WL 310201, at *5 (D.N.J. Feb. 2, 2022) (finding that "because there is a significant risk that

Defendant will continue to infringe without an injunction and because the harm is ongoing and not past in nature, monetary damages are not enough.").

Third, granting an injunction will not harm SpazeUp as the injunction will only prevent it from infringing BGSD's copyrights which it is not entitled to do.  *Adlife Mktg. & Commc'ns Co. v. Ad Post Graphics Media Mktg., Inc.,* No. 1:19-CV-1701, 2023 WL 8845280 at *5 (M.D. Pa. Dec. 21, 2023) (reasoning that granting an injunction would not further harm the defendant where the injunction merely enjoined behavior the defendant could not legally do.)  Finally, to the fourth factor, "[s]ince Congress has elected to grant certain exclusive rights to the owner of a copyright in a protected work, it is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work." *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) (quoting *Klitzner Indus., Inc. v. H. K. James & Co.*, 535 F. Supp. 1249, 1259-60 (E.D. Pa. 1982)).  Accordingly, the Court will grant BGSD's request for injunctive relief.

2. Copyright Infringement - Statutory Damages

Under 17 U.S.C. § 504(c)(1), a copyright owner may elect to recover statutory damages "of not less than $750 or more than $30,000" in lieu of actual damages and profits.  Where, as here, the infringement was willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id*. § 504(c)(2).  Here, BGSD seeks $300,000.00, representing the maximum amount of statutory damages "for each of the two claims of infringement pursuant to 17 U.S.C. § 504(c), plus any interest on this amount as appropriate." Mot. at 34.

In determining the appropriate amount of statutory damages, the Court considers: "(1) expenses saved and profits reaped by the infringer; (2) revenues lost by the plaintiff; (3) the strong public interest in insuring the integrity of the copyright laws; and (4) whether the infringement was willful and knowing or innocent and accidental." *Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc.,* 658 F. Supp. 458, 465 (E.D.Pa. 1987).[4]  Where the plaintiff seeks statutory damages in excess of the minimum, the Court looks to the facts of the Complaint to gauge what statutory damages are just.  *See Broad. Music*, 555 F. Supp. 2d at 544-45.

While this assessment is hampered by SpazeUp's refusal to defend, the Court finds that an award of $300,000.00 is plainly excessive.  Instead, the Court will award $20,000.00 in statutory damages, consisting of $10,000.00 for each infringement.  Having considered the framework, the Court finds this award reasonably sufficient to compensate BGSD.  The Court also relies on the willful nature of SpazeUp's actions and the need to deter future infringement.

   3.  False Advertising – Actual Damages and Profits

For violations of Section 43(a) of the Lanham Act, "the plaintiff shall be entitled . . . to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C.A. § 1117(a).  Having already found a violation of this section, the Court finds this relief appropriate.  To aid in this assessment of damages and profits, the Court will order SpazeUp to provide BGSD with an accounting of all sales made using BGSD's copyrights.

---

[4] Within this framework, courts often find the plaintiff's licensing fee to be a useful metric in awarding statutory damages.  *See e.g., Cochran v. Dipset Couture LLC*, No. 2:23-CV-02037 (WJM), 2024 WL 658612 (D.N.J. Feb. 15, 2024) (awarding seven times the plaintiff's licensing fee); *see also Prepared Food Photos, Inc. v. David & Sons Meats LLC*, No. CV 23-1781 (RBK/MJS), 2024 WL 912454 (D.N.J. Mar. 4, 2024) (awarding two times the plaintiff's licensing fee).  However, no such details have been provided here.

      4.      Attorney's Fees and Costs

Both 17 U.S.C. § 505 and 15 U.S.C. § 1117(a) provide for attorney's fees. Given the willful nature of the infringement, the Court finds attorney fees appropriate. *See Grant Heilman Photography, Inc. v. Gallagher*, No. 3:23-CV-1129, 2024 WL 666147 (M.D. Pa. Feb. 16, 2024) (granting reasonable attorney's fees and costs given the willful nature of the infringement and the defendant's refusal to defend the suit.); *see also Mnemania, Inc. v. Forrest*, No. CV 20-5209, 2021 WL 2291321 (E.D. Pa. June 9, 2021) (same). Accordingly, Plaintiff's Counsel shall file a written accounting of the costs incurred in this matter.

## V.    CONCLUSION

Upon review of the Complaint, the Renewed Motion for Default Judgment, and the supporting documents, the Court finds that BGSD has put forward a prima facie case of this Court's jurisdiction over SpazeUp. BGSD has also demonstrated an entitlement to relief on all claims save for the UTPCPL claim. Finally, for the reasons outlined above, the Court orders relief as it finds appropriate.

A separate Order follows.

                                        BY THE COURT:

                                        */s/ Joseph F. Leeson, Jr.*
                                        JOSEPH F. LEESON, JR.
                                        United States District Judge